IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00967-REB-MJW

ALLSTATE INSURANCE COMPANY,

Plaintiff(s),

v.

WESTERN AMERICAN INSURANCE COMPANY,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby **ORDERED** that Plaintiff's Motion to Compel Defendant to Identify Contact Information of Witness Merrill Tyler, and Request for Expedited Ruling and Sanctions **(docket no. 57)** is **GRANTED**. Defendant shall provide to Plaintiff the contact information as required under Fed. R. Civ. P. 26(a)(1)(A)(i) on or before **April 21, 2010**.

It is **FURTHER ORDERED** that Plaintiff is awarded reasonable and necessary attorney fees and costs for having to file the subject motion (docket no. 57) pursuant to Fed. R. Civ. P. 37(a)(5)(A). The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court by **April 26, 2010**. If the parties are unable to stipulate to the amount of attorney fees and costs, then Plaintiff shall have up to and including **April 26, 2010**, to file its itemized affidavit for attorney fees and costs. Defendant shall have until **May 7, 2010**, to file its response to Plaintiff's itemized affidavit for attorney fees and costs. If a response is filed, then Plaintiff shall have up to and including **May 14, 2010**, to file any reply to Defendant's response.

I find that Defendant has failed to comply with Fed. R. Civ. P. 26(a)(1)(A)(i) by not providing contact information concerning Merrill Tyler. Mr. Tyler was a Litigation Specialist for Defendant West American Insurance Company during the relevant time period on this case. Plaintiff has a substantial need to obtain the testimony of Mr. Tyler, a key witness in this litigation. Fed. R. Civ. P. 26(b)(3)(A)(ii).

The parties complied with D.C.COLO.LCivR 7.1 A prior to the filing of the subject motion (docket no. 57) concerning this contact information. Despite such contact between counsel concerning this contact information, Defendant has not produced such

contact information as of March 30, 2010.

      Defendant now argues that the subject motion (docket no. 57) is moot since the parties are in the process of scheduling Mr. Tyler's deposition.  Furthermore, Defendant argues that Plaintiff's subject motion (docket no. 57) asks the court to compel Defendant to produce information that Plaintiff cannot ethically use.  Defendant further argues that the subject motion (docket no. 57) is futile because of the ethical restrictions on counsel for Plaintiff contacting Mr. Tyler directly.  I find these arguments by Defendant without merit.

      First, Rule 26 (a)(1)(A)(I) requires disclosure of such contact information for Mr. Tyler without court intervention.  Such disclosure has nothing to do with whether Plaintiff will or will not seek to contact Mr. Tyler directly.  This disclosure is to provide to the opposing side the name and, if known, the address and telephone number of each individual likely to have discoverable information - along with the subjects of the information - that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.  Moreover, it is clear that Defendant had such information available since the parties are now trying to schedule Mr. Tyler's deposition.  Under these facts, I find that Defendant has unnecessarily expanded this case without substantial justification, and sanctions in the form of reasonable expenses incurred by Plaintiff in having to file the subject motion (docket no. 57), including attorney fees and costs, should be awarded to Plaintiff pursuant to Fed. R. Civ. P. 37(a)(5)(A).

Date:  April 14, 2010