IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00967-REB-MJW

ALLSTATE INSURANCE COMPANY,

Plaintiff(s),

v.

THE WEST AMERICAN INSURANCE COMPANY,

Defendant(s).

## ORDER REGARDING
## DEFENDANT THE WEST AMERICAN INSURANCE COMPANY'S MOTION TO COMPEL DISCOVERY RESPONSES AND PRIVILEGE LOG (DOCKET NO. 55)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant The West American Insurance Company's Motion to Compel Discovery Responses and Privilege Log (docket no. 55). The court has reviewed the subject motion (docket no. 55) and the response (docket no. 68). In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motion (docket no. 55);

4. That district courts have "broad discretion over the control of discovery . . . ." Gaines v. Ski Apache, 8 F.3d 726, 730 (10th Cir. 1993). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4);

5. That jurisdiction in this action is based on diversity of citizenship. See Amended Complaint. Consequently, state law supplies the rule of decision on attorney-client privilege issues. Frontier Refining, Inc. v. Gorman-Rupp Co., 136 F.3d 695, 699 (10th Cir. 1998). By contrast, the work product immunity [doctrine] is governed, even in diversity cases, by the uniform federal standard embodied in Fed. R. Civ. P. 26(b)(3);

6. That "the attorney-client privilege is not an absolute privilege and may be waived by the client. Any waiver must be demonstrated by evidence that the client, by words or conduct, has expressly or impliedly forsaken his or her claim of confidentiality with respect to the information in question and, thus, has consented to its disclosure." People v. Sickich, 935 P.2d 70, 73 (Colo. App. 1996).

7. That in <u>Mountain States Tel. & Tel. Co. v. DiFede</u>, 780 P.2d 533 (Colo. 1989), the Colorado Supreme Court recognized the "in issue" exception to the attorney-client privilege;

8. That the Colorado Supreme Court has adopted a three-prong test to determine whether there has been an implied waiver of the attorney-client privilege by putting a matter in issue. <u>See</u> <u>id.</u> at 543-44. The Colorado Supreme Court stated that "[I]mplied waiver of a privilege is appropriate where the following factors are present: (1) assertion of the privilege was a result of some affirmative act, such as filing suit, by the asserting party; (2) through this affirmative act, the asserting party put the protected information at issue by making it relevant to the case; and (3) application of the privilege would have denied the opposing party access to information vital to his defense;"

9. That the burden of proving waiver of the attorney-client privilege is on the party seeking to overcome the privilege, in this case Defendant The West American Insurance Company. <u>People v. Madera</u>, 112 P.3d 688, 690 (Colo. 2005), <u>People v. Sickich</u>, 935 P.2d at 73; and

10. That I have applied the <u>DiFede</u> three-prong test to the claims brought in Amended Complaint by Plaintiff, and I find that the facts of this case at bar are almost completely identical to the facts in <u>American Economy Ins. Co. v. Schoolcraft.</u>, No. 05-cv-01870-LTB-

BNB, 2007 U.S. Dist. LEXIS 30557 (Apr. 25, 2007), and accordingly find that Plaintiff has impliedly waived the attorney-client privilege and work product doctrine as to the discovery requests as outlined in the subject motion (docket no. 55).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant The West American Insurance Company's Motion to Compel Discovery Responses and Privilege Log (docket no. 55) is **GRANTED**;

2. That Plaintiff shall provide responses to all discovery requests as outlined in the subject motion (docket 55) to Defendant on or before **April 27, 2010**. Defendant shall pay for the copies of such documents; and

3. That Defendant is awarded reasonable and necessary attorney fees and costs for having to file the subject motion (docket no. 55) pursuant to Fed. R. Civ. P. 37(a)(5)(A). The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court by **April 27, 2010**. If the parties are unable to stipulate to the amount of attorney fees and costs, then Defendant

shall have up to and including **April 27, 2010**, to file its itemized affidavit for attorney fees and costs. Plaintiff shall have until **May 7, 2010**, to file its response to Defendant's itemized affidavit for attorney fees and costs. If a response is filed, then Defendant shall have up to and including **May 14, 2010**, to file any reply to Plaintiff's response.

Done this 15th day of April 2010.

                         BY THE COURT

                         s/ Michael J. Watanabe
                         MICHAEL J. WATANABE
                         U.S. MAGISTRATE JUDGE