IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00967-REB-MJW

ALLSTATE INSURANCE COMPANY,

Plaintiff(s),

v.

WEST AMERICAN INSURANCE COMPANY,

Defendant(s).

MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

     It is hereby **ORDERED** that the Stipulated Motion to Amend the Scheduling Order and Reset the Trial Date (docket no. 81) is **conditionally GRANTED** as to extending the fact discovery deadline to July 31, 2010, the expert discovery deadline to August 31, 2010, and the dispositive motion deadline to September 15, 2010, **if** Judge Blackburn vacates the current trial preparation conference on July 30, 2010, at 9:00 a.m. and jury trial on August 16, 2010, at 8:30 a.m. Moreover, the Final Pretrial Conference set before Magistrate Judge Watanabe on June 2, 2010, at 8:30 a.m. is **conditionally vacated** and **reset** to November 15, 2010, at 9:00 a.m. However, if Judge Blackburn **does not vacate** the current trial preparation conference and jury trial dates then the subject motion concerning these deadlines and Final Pretrial Conference setting is **DENIED.**

     It is **FURTHER RECOMMENDED** that Judge Blackburn vacate the jury trial set on August 16, 2010, at 8:30 a.m. and the trial preparation conference set on July 30, 2010, at 9:00 a.m. and reset the jury trial and trial preparation conference.

**NOTICE: Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b)(2), the parties have fourteen (14) days after service of this recommendation to serve and file specific written objections to the above recommendation with the District Judge assigned to the case. A party may respond to another party's objections within fourteen (14) days after being served with a copy. The District Judge need not consider frivolous, conclusive, or general objections. A party's failure to file and serve such written, specific objections waives *de novo* review of the recommendation by the District Judge, Thomas v. Arn, 474 U.S. 140, 148-53 (1985), and also waives appellate review of both factual and legal questions. Makin v. Colorado Dep't of Corrections, 183 F.3d 1205, 1210 (10th Cir. 1999); Talley v. Hesse, 91 F.3d 1411, 1412-13 (10th Cir. 1996).**

Date: May 5, 2010