IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00967-REB-MJW

ALLSTATE INSURANCE COMPANY,

Plaintiff,

v.

WESTERN AMERICAN INSURANCE COMPANY,

Defendant.

## ORDER REGARDING

**(1) DEFENDANT WEST AMERICAN INSURANCE COMPANY'S SECOND MOTION TO COMPEL DISCOVERY RESPONSES (DOCKET NO. 67);**

**(2) DEFENDANT WEST AMERICAN INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFF ALLSTATE INSURANCE COMPANY'S SUPPLEMENTAL EXPERT DISCLOSURES (DOCKET NO. 80);**

**AND**

**(3) DEFENDANT WEST AMERICAN INSURANCE COMPANY'S MOTION TO COMPEL COMPLIANCE WITH THE COURT'S ORDER (DOCKET NO. 76) AND FOR SANCTIONS PURSUANT TO FED. R. CIV. P. 37(B) (DOCKET NO. 103)**

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was before the court on July 15, 2010, for hearing on: (1) Defendant West American Insurance Company's Second Motion to Compel Discovery Responses (docket no. 67), (2) Defendant West American Insurance Company's Motion to Strike Plaintiff Allstate Insurance Company's Supplemental Expert Disclosures (docket no. 80),

and (3) Defendant West American Insurance Company's Motion to Compel Compliance with the Court's Order (docket no. 76) and for Sanctions Pursuant to Fed. R. Civ. P. 37(b) (docket no. 103). The court has reviewed the subject motions (docket nos. 67, 80, and 103), the supplements, the responses, and the replies. In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law. Lastly, the court has considered oral arguments presented by the parties. The court now being fully informed makes the following findings of fact, conclusions of law and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to the lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the above motions (docket nos. 67, 80, and 103);

4. That I incorporate by reference my findings in my Order Regarding Defendant West American Insurance Company's Motion to Compel Discovery Responses and Privilege Log dated April 15, 2010. See docket nos. 55 and 76. As I found in paragraph 10 in docket no. 76, Plaintiff has impliedly waived the attorney-client privilege and work product doctrine as to the discovery requests as outlined in docket nos. 67, 80, 103 above;

5. That District Courts have "broad discretion over the control of

discovery . . . ." Cummings v. General Motors Corp., 365 F.3d 944, 952-53 (10th Cir. 2004), overruled on other grounds, Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc., 546 U.S. 394, 401 (2006). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4);

6. That as to Defendant's Requests for Production ("RFP") 1, 2, 5, and 6 outlined in docket no. 67, I find that the information requested in Defendant's RFP 1, 2, 5, and 6 is discoverable and is relevant to the issues before this court, and Plaintiff's objections are overruled. The documents and information requested were not prepared because of the prospect of litigation. They were prepared because of Plaintiff Allstate's adjusting of the claims in the underlying action, and thus were part of Plaintiff Allstate's regular business. Kay Labs., Inc. v. District Court, 653 P.2d 721, 722-23 (Colo. 1982) ([I]it is as much a part of an insurance company's normal business activity to investigate potential claims by third parties against its insureds as it is to investigate claims by its insureds against itself.");

7. That as to Defendant's Request for Admission ("RFA") 1 in docket no. 67, I find that the information requested in Defendant's RFA 1 is relevant on the issues before this court, goes to the heart of the

dispute in this lawsuit, and is not protected by Fed. R. Evid. 408, and therefore Plaintiff Allstate's objections are overruled. It is relevant to the issue of proportionality of fault by Mountain West Lodging in the underlying action. Further, Fed. R. Civ. 408 governs admissibility of [settlement offers] compromise and offers to compromise **at trial** but does not govern discovery. Here, Defendant is **not** seeking admissibility into evidence RFA 1 **at trial** but is simply seeking a response to RFA 1;

8. That as to docket no. 80, I find the case at bar is an insurance coverage dispute between Plaintiff Allstate and Defendant West American that arose following a settlement of the underlying construction defect action in the Colorado state district court. Discovery was conducted in the underlying action. Now, Plaintiff Allstate seeks to supplement its expert disclosures through its expert witness Fisher which exceeds the scope of Mr. Fisher's opinions in the underlying action. Mr. Fisher's supplemental expert report addresses "additional repair costs necessitated by consequential damage resulting from Mountain West Lodging's maintenance negligence" and "contributing factors of maintenance issues." See exhibit D at 1. I find that to the extent that information regarding the potential liability of Mountain West Lodging is relevant to this action, it is limited to that information available to the insurers

up to, and at the time of, the settlement in the underlying action. I find that the Plaintiff Allstate's supplemental expert report dated March 31, 2010, from Mr. Fisher is irrelevant and will not assist the trier of fact under Fed. R. Evid. 702 since such supplemental report contains entirely new opinions that were not previously disclosed by Plaintiff Allstate and that were not expressed in the underlying action. To allow such supplemental expert report and opinions at this late date would be prejudicial to Defendant American West and would unduly expand the scope of the case at bar. Accordingly, the supplemental report dated March 31, 2010, and supplemental opinions by Mr. Fisher should be stricken; and

9. That as to docket no. 103, I incorporate by reference the above findings in this Order and for the additional reasons stated in docket no. 103, which I also incorporate by reference, I find that Plaintiff Allstate has not complied with this court's Order (docket no. 76) and has not provided to Defendant West American Plaintiff Allstate's claim file concerning the underlying action. Plaintiff Allstate's arguments concerning its failure to comply with this court's Order (docket no. 76) are without merit as outlined in the above paragraphs of this Order and as further articulated in docket no. 103. For these reasons, docket no. 103 should be granted, and Defendant West American should be awarded reasonable expenses for having to file this motion.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Defendant West American Insurance Company's Second Motion to Compel Discovery Responses **(docket no. 67)** is **GRANTED**. Plaintiff Allstate shall provide full responses to Defendant West American's Request for Production of Documents 1,2,5, and 6 and shall fully answer Defendant West American's Request for Admission 1 on or before August 16, 2010;

2. That Defendant West American Insurance Company's Motion to Strike Plaintiff Allstate Insurance Company's Supplemental Expert Disclosures **(docket no. 80)** is **GRANTED**, and the supplemental report dated March 31, 2010, and supplemental opinions by Mr. Fisher are stricken;

3. That Defendant West American Insurance Company's Motion to Compel Compliance with the Court's Order (docket no. 76) and for Sanctions Pursuant to Fed. R. Civ. P. 37(b) **(docket no. 103)** is **GRANTED**. The entire original claims file in the underlying action that is kept by Plaintiff Allstate in the ordinary course of business shall be made available by Plaintiff Allstate to Defendant West American for inspection so that West American may verify that it has, in fact, received a complete copy of the entire claims file

concerning the underlying action. Plaintiff Allstate shall provide Defendant West American with a copy of any portions of the claims file concerning the underlying action that Defendant West American does not already have in its possession, and Plaintiff Allstate shall pay the cost for copying of those portions of the file. The parties shall forthwith meet and confer and set up a time and date for inspection of Plaintiff Allstate's claims file concerning the underlying action on or before August 16, 2010; and

4. That Defendant West American Insurance Company is awarded reasonable expenses in the form of reasonable and necessary attorney fees and costs for having to file the two motions to compel (docket nos. 67 and 103) pursuant to Fed. R. Civ. P. 37(a)(5)(A). The parties shall meet forthwith to see if the amount of attorney fees and costs can be stipulated. If the parties are able to stipulate to the amount of attorney fees and costs, then the parties shall file such stipulation with the court by August 16, 2010. If the parties are unable to stipulate to the amount of attorney fees and costs, then Defendant West American Insurance Company shall have up to and including August 16, 2010, to file its itemized affidavit for attorney fees and costs. Plaintiff Allstate Insurance Company shall have until August 31, 2010, to file its response to Defendant West American Insurance Company's itemized affidavit for attorney fees and costs. If a response is filed, then Defendant West American

Insurance Company shall have up to and including September 10, 2010, to file any reply to Plaintiff Allstate Insurance Company's response.

Done this 29th day of July 2010.

                                           BY THE COURT

                                           s/ Michael J. Watanabe
                                           MICHAEL J. WATANABE
                                           U.S. MAGISTRATE JUDGE