IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.  09-cv-00967-REB-MJW

ALLSTATE INSURANCE COMPANY,

Plaintiff,

v.

THE WEST AMERICAN INSURANCE COMPANY,

Defendant.

## ORDER REGARDING

## (1) PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH THE COURT ORDER DATED MAY 10, 2010 PERTAINING TO RESPONSES TO ALLSTATE'S INTERROGATORIES (DOCKET NO. 143)

## AND

## (2) PLAINTIFF'S MOTION FOR SANCTIONS FOR DEFENDANT'S FAILURE TO COMPLY WITH THE COURT ORDER DATED MAY 10, 2010 PERTAINING TO PRODUCTION OF THE WEST AMERICAN CLAIMS FILE (DOCKET NO. 145)

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with the Court Order Dated May 10, 2010 Pertaining to Responses to Allstate's Interrogatories (docket no. 143) and Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with the Court Order Dated May 10, 2010 Pertaining to Production of the West American Claims File (docket no. 145).  The court has reviewed both motions, the responses (docket nos. 149 and 150), and the replies (docket nos.

151 and 152).  In addition, the court has taken judicial notice of the court's file and has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and order.

In Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with the Court Order Dated May 10, 2010 Pertaining to Responses to Allstate's Interrogatories (docket no. 143), the Plaintiff seeks the following sanctions:  (1) that Defendant West American's response to interrogatories 5 and 6 shall be taken as admissions that any allocation of settlement made pursuant to the mediation in the underlying action is irrelevant to Defendant West American's coverage of Mountain West Lodging, LLC ("MWL") under the Defendant West American Policies; (2) that Defendant West American's responses to interrogatories 9, 11, 14, and 15 pertaining to the "Real Estate Property Managed Endorsement" and the testimony of its witnesses pertaining to the same shall be taken as admissions that the endorsement is ambiguous to be construed in favor of coverage; (3) that none of the issues raised in the responses to the foregoing interrogatories shall be relied upon in defense of Plaintiff's claims against Defendant West American; and (4) that Plaintiff be awarded fees and costs associated with making this motion.

In Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with the Court Order Dated May 10, 2010 Pertaining to Production of the West American Claims File (docket no. 145), the Plaintiff seeks the following sanctions: (1) that Defendant West American's complete records involving the MWL claim, including those involving electronically-maintained information, should be made available to Plaintiff for immediate inspection; (2) that following the inspection, Plaintiff shall have the right to re-

3

depose any Defendant West American witness concerning any information newly obtained but not previously disclosed by Defendant West American as part of its claims file pertaining to the MWL claim; (3) that Plaintiff shall be entitled to a spoliation instruction for any portions of the MWL claims file, or other relevant records, which have been destroyed or lost by Defendant West American as determined by the inspection, including adverse inferences as to the content of the missing records; (4) that Defendant West American shall immediately produce those records described in the Privilege Log identified above and to which no proper privilege applies; and (5) that Plaintiff shall be awarded fees and costs associated with making this motion.

**FINDINGS OF FACT AND CONCLUSIONS OF LAW**

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and District of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard on the subject motions (docket nos. 143 and 145);

4. That District Courts have "broad discretion over the control of discovery . . . ." Cummings v. General Motors Corp., 365 F.3d 944, 952-53 (10th Cir. 2004), overruled on other grounds, Unitherm Food Sys., Inc., v. Swift-Eckrich, Inc., 546 U.S. 394, 401 (2006). "A party seeking discovery may move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). "[A]n evasive or incomplete disclosure, answer, or response must

4

be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4);

5. That on May 10, 2010, Magistrate Judge Watanabe ordered Defendant West American to respond fully to Plaintiff's interrogatories 5, 6, 9, 11-15, inclusive, and 22 on or before May 24, 2010.  See docket no. 94;

6. That as to Plaintiff's interrogatories 5, 6, 14, and 15, Defendant West American **has fully responded** to these interrogatories, and no further response is required;

7. That as to Plaintiff's interrogatories 9 and 11, Defendant West American **has not fully responded** to these interrogatories;

8. That Plaintiff has received Defendant West American's claim file from the underlying action.  See affidavit of Bruce Frederick, attached as exhibit I to response (docket no. 150).  In addition, Defendant West American's Attorney Lucas Lorenz signed the response (docket no. 150) pursuant to Fed. R. Civ. P. 11, and on page 8 of the response, Mr. Lorenz stated, "Counsel for West American, **as officers of the Court**, certify that the only parts of the West American claim file from the underlying action that have not been sent to Allstate are those described in West American's privilege log.  (See also ex. I at ¶¶ 5-7.)." (Emphasis in bold added);

9. That Plaintiff's characterization of Mr. Tyler's deposition testimony concerning "all of the Ramming records shown [to Mr. Tyler] should have been part of the West American claims file" (docket no. 145, subject motion, at page 6) is misplaced. Mr. Tyler testified that he had never seen some of those records before, including emails that were not sent to or from him. See deposition transcript of Mr. Tyler, docket no. 150-6 at 15, Tyler Depo., exhibit E at page 55, lines 20-24. After careful review of Mr. Tyler's deposition transcript, I find that Mr. Tyler's testimony does not support the subject motion;

10. That "[d]iscovery is a nondispositive matter, and magistrate judges have the authority to order discovery sanctions." Hutchinson v. Pfeil, 105 F.3d 562, 566 (10th Cir. 1997);

11. That "[t]o ensure that the expansive discovery permitted by Rule 26(b)(1) does not become a futile exercise, putative litigants have a duty to preserve documents that may be relevant to pending or imminent litigation." Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. 614, 620 (D. Colo. 2007) (citing Zubulake v. UBS Warburg, LLC, 200 F.R.D. 212, 216 (S.D.N.Y. 2003) ("the obligation to preserve evidence arises when the party has notice that the evidence is relevant to litigation or when a party should have known that the evidence may be relevant to future litigation"));

12. That "'[s]poliation' has been defined as 'the destruction or significant alteration of evidence, or the failure to preserve property

        for another's use as evidence in pending or reasonably foreseeable litigation.'" Id. (and cases cited therein);

13. That "[t]he court has inherent power to impose sanctions for the destruction or loss of evidence." Id. (and cases cited therein). "Federal courts have authority to impose a variety of sanctions for spoliation including dismissal of the action." Kokins v. Teleflex Inc., 2007 WL 4322322, *2 (D. Colo. Dec. 6, 2007) (Miller, J.). "When deciding whether to sanction a party for the spoliation of evidence, courts have considered a variety of factors, two of which generally carry the most weight: 1) the degree of culpability of the party who lost or destroyed the evidence; and (2) the degree of actual prejudice to the other party." Id. (quoting Jordan F. Miller Corp. v. Mid-Continent Aircraft Serv., Inc., 1998 WL 68879, *13 (10th Cir. Feb. 20, 1998) (unpublished)). "[T]he destruction need not be in bad faith to warrant spoliation sanctions." Id.;

14. That "[t]he movant has the burden of proving, by a preponderance of the evidence, that the opposing party failed to preserve evidence or destroyed it." Ernest v. Lockheed Martin Corp., 2008 WL 2945608, *1 (D. Colo. July 28, 2008);

15. That Rule 37(b)(2)(A) provides in pertinent part that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders" including "directing that the

7

matters embraced in the order or other designated facts be taken as established for purposes of the action, as the prevailing party claims . . . ." Fed. R. Civ. P. 37(b)(2)(A);

16. That "the general rule is that bad faith destruction of a document relevant to proof of an issue at trial gives rise to an inference that production of the document would have been unfavorable to the party responsible for its destruction." Aramburu v. Boeing Co., 112 F.3d 1398, 1407 (10th Cir. 1997). "Mere negligence in losing or destroying records is not enough because it does not support an inference of consciousness of a weak case." Id.;

17. That "'bad faith' is the antithesis of good faith and has been defined in the cases to be when a thing is done dishonestly and not merely negligently. It is also defined as that which imports a dishonest purpose and implies wrongdoing or some motive of self-interest." Cache La Poudre Feeds, LLC v. Land O'Lakes, Inc., 244 F.R.D. at 635; and

18. That based the evidence presented by the parties on the subject motions, I cannot conclude that the that any documents or records from Defendant West American's claim file are missing or were destroyed from the date that this litigation was imminent, namely, September 15, 2008, and thereafter. Mr. Tyler did testify that he did not save all of his emails during the pendency of the underlying action which was part of his normal claim handling practice. The

current litigation before this court was not imminent until Plaintiff Allstate threatened to sue Defendant West American on September 15, 2008. See letter from Attorney Cathleen H. Heintz to Attorney Marilyn Sterrenberg-Rose dated September 15, 2008, attached exhibit P to response (docket no. 150). By that time, the underlying action had been resolved. See settlement agreement and full and final release of all claims, attached exhibit J to the response (docket no. 150). Lastly, nothing prevented Plaintiff Allstate from serving upon Defendant West American a written preservation letter during the pendency of the underlying action, and it appears that Plaintiff Allstate did not see fit to do so, noting that they did not provide this court with a copy of such letter.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law, this court **ORDERS**:

1. That Plaintiff's Motion for Sanctions for Defendant's Failure to Comply with the Court Order Dated May 10, 2010 Pertaining to Responses to Plaintiff Allstate's Interrogatories (docket no. 143) is **GRANTED IN PART AND DENIED IN PART.** The motion is **GRANTED** insofar as Plaintiff Allstate's Interrogatories numbered 9 and 11. That motion is **DENIED** as to Plaintiff Allstate's Interrogatories numbered 5, 6, 14, and 15. Defendant West

9

American shall provide to Plaintiff Allstate on or before November 24, 2010, supplemental responses, with particularity, to Plaintiff Allstate's Interrogatories 9 and 11 as to the specific "property damage" they allege.  All other relief requested by the Plaintiff in the motion (docket no. 143) is **DENIED**.

2. That Plaintiff's Motion for Sanctions for Defendants' Failure to Comply with the Court Order Dated May 10, 2010 Pertaining to Production of the West American Claims File (docket no. 145) is **DENIED**; and

3. That each party shall pay their own attorney fees and costs.

Done this 5th day of November, 2010.

BY THE COURT

s/ Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE