IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-00967-WJM-MJW

ALLSTATE INSURANCE COMPANY,

Plaintiff,

v.

WESTERN AMERICAN INSURANCE COMPANY,

Defendant.

---

**ORDER REGARDING
DEFENDANT WEST AMERICAN INSURANCE COMPANY'S MOTION TO STRIKE
THE AFFIDAVITS OF DAVID B. FISHER AND CHRISTOPHER FISHER
(DOCKET NO. 194)**

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter is before the court on Defendant West American Insurance Company's Motion to Strike the Affidavits of David B. Fisher and Christopher Fisher (docket no. 194). The court has reviewed the subject motion (docket no. 194), the response (docket 204), and the reply (docket no. 205). In addition, the court has taken judicial notice of the court file and has considered applicable Federal Rules of Civil Procedure and case law. The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

In the subject motion (docket no. 194), Defendant seeks an order from this court striking the affidavits of David B. Fisher and Christopher Fisher in support of Plaintiff's Motion for Summary Judgment (docket no. 185). Defendant argues that the opinions contained in the affidavits of David B. Fisher and Christopher Fisher should be stricken

2

because they were not properly and timely disclosed and because they contain conclusory and unsubstantiated opinions.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1. That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2. That venue is proper in the state and district of Colorado;

3. That each party has been given a fair and adequate opportunity to be heard;

4. That David B. Fisher and Christopher Fisher were the HOA's experts in the underlying lawsuit;

5. That on May 3, 2010, Defendant West American Insurance Company's Motion to Strike Plaintiff Allstate Insurance Company's Supplemental Expert Disclosures (docket no. 80) was filed;

6. That on July 29, 2010, I entered an Order granting Defendant West American Insurance Company's Motion to Strike Plaintiff Allstate Insurance Company's Supplemental Expert Disclosures (docket no. 80). See docket no. 129;

7. That on August 12, 2010, Plaintiff filed objections to my Order (docket no. 129). See docket no. 138;

8. That Judge Blackburn overruled the objections by Plaintiff to my Order (docket no. 129). See docket no. 159;

9. That Fed. R. Civ. P. 26(a)(2)(B) requires that the expert disclosures

3

      be accompanied by a written report, prepared and signed by the witness, if the witness is one retained or specially employed to provide expert testimony.  The rule further requires that the expert report contain the basis and reasons for the expert's opinions and the facts or data considered by the witness in forming such opinion(s).  Here, I find that the Affidavits of David B. Fisher and Christopher Fisher are not in compliance with Rule 26(a)(2)(B) and such Affidavits were not properly or timely disclosed; and

10.    That "[t]he law of the case 'doctrine posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case.'" United States v. Monsisvais, 946 F.2d 114, 115 (10th Cir. 1991) (quoting Arizona v. California, 460 U.S. 605, 618 (1983)).  See Rohrbaugh v. Celotex Corp., 53 F.3d 1181, 1183 (10th Cir. 1995).  In this case, I find that the law of the case doctrine applies since I struck the "supplemental" Fisher report because it contained "entirely new opinions that were not previously disclosed by Plaintiff Allstate Insurance Company and that were not expressed in the underlying lawsuit."  See paragraph two on page 6 in the Order section of docket no. 129.  My Order (docket no. 129) applies with equal force to the Affidavits of David B. Fisher and Christopher Fisher that are attached to Plaintiff's Motion for Summary Judgment (docket no. 185), and such Affidavits contain opinions based upon information

4

unavailable to any of the insurers and parties up to the time the underlying lawsuit was settled. It is undisputed that the underlying lawsuit was settled in August 2008. Thus, any of the David B. Fisher or Christopher Fisher's observations or opinions contained in the subject Affidavits of David B. Fisher and Christopher Fisher were untimely disclosed by Plaintiff and go to irrelevant matters because they were unavailable to the parties up to the time the underlying lawsuit was settled.

## ORDER

**WHEREFORE**, based upon these findings of fact and conclusions of law this court **ORDERS**:

1. That Defendant West American Insurance Company's Motion to Strike the Affidavits of David B. Fisher and Christopher Fisher (docket no. 194) is **GRANTED**;

2. That the Affidavits of David B. Fisher and Christopher Fisher submitted by Plaintiff in support of its Motion for Summary Judgment (docket no. 185) are **STRICKEN**; and

3. That each party shall pay their own attorney fees and costs for this motion.

Done this 6th day of April 2011.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE